UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

SHAWN KING,

                          Plaintiff,

               -against-

THE CITY OF NEW YORK; THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICERS
JOSEPH ALIBERTI, RYAN O'CONNOR,
ANDRE EDWARDS, ROBERT IMMENDORFER
and JOHN DOE 1-10

                        Defendants.
-------------------------------------------------------------------------X

**Docket No. 19-CV-5250**
**(ARR) (CLP)**

**AMENDED**
**COMPLAINT AND**
**JURY DEMAND**

*Electronic Filing Case*

      Plaintiff SHAWN KING, by his attorneys, McDonnell Adels Klestzick, PLLC, for his

amended complaint pursuant to the order of the Honorable Chief Magistrate Cheryl L. Pollak

dated February 19, 2020 alleges as follows:

### PRELIMINARY STATEMENT

      1.     This is a civil rights action in which plaintiff seeks relief for the violation of his

rights secured by 42 USC §1983, §1988, The Fourth and Fourteenth Amendments to the United

States Constitution.

      2.     The claim arises from a series of three (3) incidents, between September 15, 2016

and April 24, 2017, in which Officers of the New York City Department ("NYPD"), acting under

color of state law, intentionally and willfully subjected plaintiff to , *inter alia,* false arrest and

false imprisonment as follows:

      3.     Plaintiff was arrested on September 15, 2016, February 20, 2017 and April 24,

2017. Upon information and belief, all of the charges that stemmed from these arrests, were

resolved in favor of plaintiff and ultimately dismissed by the Court. These arrests were

effectuated in violation of plaintiff's constitutional rights, as more fully set forth herein and with malice and intent to injure plaintiff, by members of the NYPD, as more fully set forth herein. The arrest effectuated against plaintiff on September 15, 2016, was dismissed by the Court on January 6, 2017. The arrest effectuated against plaintiff on February 20, 2017, was in retaliation for the dismissal entered in plaintiff's favor on January 6, 2017. These charges were dismissed the same day, February 20, 2017.  The April 24, 2017 arrest was effectuated in retaliation for the dismissals entered in plaintiff's favor on February 20, 2017.  All specifics charges are identified and discussed in the "factual allegations" portion of this complaint, as more fully set forth *infra*.

## JURISDICTION

4.      This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5.      The amount in controversy exceeds $75,000, exclusive of interest and costs

## VENUE

6.      Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## STATUTE OF LIMITATIONS

7.      This action is timely filed under the authority of Owen v. UU. Okune, 488 U.S. 235 (1989), which held that a §1983 action is governed by the general personal injury statute of limitations of the particular state, rather than the statute of limitations for intentional torts. The relevant New York State Statute is NY CPLR §214, which is a three year statute of limitations. As the first of the three incidents which forms the basis of this action occurred on September 15,

2016, the action is timely filed within the three (3) year period of limitations provided under NY CPLR §214.

## PARTIES

8.     Plaintiff SHAWN KING is a legal resident of the United State and at all times herein relevant a resident of the Borough and County of Queens, City and State of New York.

9.     The City of New York (or "the City") is a municipal corporation organized under laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10.     Officers Joseph Aliberti and Ryan O'Connor, at all times relevant herein were police officers of the NYPD, and as such were acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, said officers were "arresting officers" and members of the 113th precinct of the NYPD, at the time of plaintiff's last arrest on April 24, 2017. Said charges were dismissed on or about August 22, 2017.

11.     Police Officer, Andre Edwards, at all times herein mentioned was and is a police officer of the NYPD and as such were acting in his capacity of an agent, servant and employee of the City of New York, and effectuated an arrest against of plaintiff on September 15, 2016 as more fully set forth herein.

3

12.      Police Officer, Robert Immendorfer, at all times herein mentioned was and is a police officer of the NYPD and as such was acting in his capacity of an agent, servant and employee of the City of New York, and effectuated an arrest against of plaintiff on February 20, 2017 as more fully set forth herein.

13.      All other individuals defendants ("the officers"), including John Doe #1-10 individuals whose names are currently unknown to plaintiff, are employees of the NYPD, and are sued in their individual capacities as a result of their actions in plaintiff's arrests of September 15, 2016, February 20, 2017, and April 24, 2017.

14.      At all times herein mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

15.      Within 90 days of the incident, plaintiff filed a written Notice of Claim with the New York City Office of the Comptroller.  Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of. Plaintiff has not elected to file a lawsuit in State Court against The City of New York, but has chosen to invoke the Federal Question of Jurisdiction of this Honorable Court, as set forth *supra*.

## FACTUAL ALLEGATIONS

16.      Plaintiff is a United States citizen, legally residing in the United States.

17.      On September 15, 2016, plaintiff was arrested by unknown members of the NYPD, referred to as John Does defendant's 1-10, the identities of whom are unknown to plaintiff. Plaintiff was charged with Criminal Possession of a Weapon, New York State Penal

Law §265.01, Menacing, New York State Penal Law §120.15, Harassment. New York State Penal Law §240.26. On January 06, 2017, the matters were dismissed by the Court.

18.     On February 20, 2017, plaintiff was again arrested by unknown members of the NYPD, referred to as John Does defendant's 1-10, the identities of whom are unknown to plaintiff. Plaintiff was charged assault, New York State Penal Law §120.15 Criminal Possession of a Weapon, New York State Penal Law § 265.01 and Harassment, New York State Penal Law § 240.26. On February 20, 2017, these baseless charges, brought forth in retention for plaintiff's prior dismissal, were dismissed by the Court.

19.     On April 24, 2017, plaintiff was arrested by officers, defendants Joseph Aliberti and Ryan O'Connor, in retention for plaintiff's dismissal obtained on February 20, 2017. On April 24, 2017 plaintiff was charged with trespassing (3rd degree) under New York Penal Law §140.10-a. This charge was dismissed by the Court on August 22, 2017.

20.     At all times during the events described above, the defendants were engaged in a joint venue and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their fellow office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

21.     During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

22.     As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United Stated Constitution to be free from an unreasonable search and seizure of their persons;

b. Violation of his right to Due Process of Law under the Fourteenth Amendments to the United States Constitution;

c. Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

d. Physical pain and suffering;

e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

f. Loss of liberty.

## FIST CAUSE OF ACTION
### (42 USC § 1983)

23.    The preceding paragraphs are here incorporated by reference.

24.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 45 USC §1983.

25.    Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

26.    Defendants falsely arrested plaintiff and failed to intervene in each other's obviously illegal actions.

27.    Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
## (MUNICIPAL AND SUPERVISORY LIABILITY

28.     The above paragraphs as incorporated by reference.

29.     The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case.

30.     The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints files with the Civilian Complaint Review Board, and judicial ruling suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

31.     For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced,

a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers misconduct; thus officers have no real incentive to come forward, or testify truthfully at the CCRB. The CCRB has no enforcement mechanism once making a finding misconduct by an officer.

32.  The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinary rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

33.  Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizures practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

34.     The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

35.     Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

36.     The City is liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiffs' constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case.

### THIRD CAUSE OF ACTION
### (CONSPIRACY)

37.     The above paragraphs are here incorporated by reference.

38.     Defendants agreed to violate the plaintiffs' rights in the manner described above. Further defendants made an agreement to attempt to cover up the unlawful acts of all arresting officers and effectuated the bogus arrests set forth herein, in retaliation for plaintiff's prior charges being dismissed by the prosecutor.

39.     Defendants took action in furtherance of this agreement by arresting plaintiff and attempting to bring charges against him.

40.     Plaintiff was injured as a result of defendants' conspiracy.

## FOURTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

41.     The above paragraphs are here incorporated by reference.

42.     Defendants, acting under color of law, violated plaintiff's rights pursuant §§ 5, 6 and 12 of the New York State Constitution.

43.     A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs rights under those sections.

## FIFTH CAUSE OF ACTION
### (NEGLIGENT HIRING & RETENTION)

44.     The above paragraphs are here incorporated by reference.

45.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the loss of liberty and mental abuse sustained by plaintiff.

46.     Defendant City, through the NYPD, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to plaintiff or those in a position similar to plaintiffs as a result of this conduct.

47.     Upon information and belief, defendant officers were incompetent and unfit for their positions.

48.     Upon information and belief, defendant, City knew or should have known through exercise of reasonable diligence that the officer defendants were potentially dangerous and had previously falsely arrested civilians without probable cause.

49.     Defendant City's negligence in hiring and retaining the officer defendants proximately caused plaintiff's injuries.

50.     Because of the defendant, City's negligent hiring and retention of defendant officers, plaintiff incurred damages described above.

**SIXTH CAUSE OF ACTION**
**(RESPONDEAT SUPERIOR)**

51.     The above paragraphs are here incorporated by reference.

52.     Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant, City of New York and in furtherance of the defendant, City of New York's interest.

53.     As a result defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant, City of New York, Plaintiff was damaged.

**SIXTH CAUSE OF ACTION**
**(RESPONDEAT SUPERIOR)**

54.     The above paragraphs are here incorporated by reference.

55.     Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant, City of New York and in furtherance of the defendant, City of New York's interest.

56.     As a result defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant, City of New York, Plaintiff was damaged.

**WHEREFORE**, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A.     In favor of plaintiffs in an amount to be determined by a jury for each of Plaintiff's causes of action;

11

B.    Awarding plaintiffs punitive damages in an amount to be determined by a jury;

C.    Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Date:   Garden City, New York
        June 3, 2020

                                    Yours, etc.,

                                    McDONNELL ADELS & KLESTZICK, PLLC


                                    _____
                                    RALPH P. FRANCO JR., ESQ. (RPF 5067)
                                    Attorney for Plaintiff
                                    401 Franklin Avenue
                                    Garden City, New York 11530
                                    Tele No.: (516) 328-3500
                                    Fax No.: (516) 328-8697
                                    Our File No.: MAG-0257


TO:    New York City
       Corporation Counsel Office
       100 Church Street, 4th Floor
       New York, New York 10007


       Police Officer Andre Edwards
       113th Precinct
       167-02 Baisley Boulevard
       Jamaica, NY 11434-2511


       Police Officer Robert Immendorfer
       105th Precinct
       92-08 222nd Street
       Queens Village, NY 11428-1474

Docket No. 19-CV-5250 (ARR) (CLP)
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHAW KING,

Plaintiff,

-against-

THE CITY OF NEW YORK; THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICERS
JOSEPH ALIBERTI, RYAN O'CONNOR, ANDRE EDWARDS, ROBERT IMMENDORFER
and JOHN DOE 1-10.

Defendants.

## AMENDED COMPLAINT AND JURY DEMAND

**McDONNELL ADELS & KLESTZICK, PLLC**
**Attorneys at Law**
Attorneys for **Plaintiff**
Post Office Address and Telephone
401 Franklin Avenue
Garden City, New York 11530
(516) 328-3500

CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a

RALPH P. FRANCO, hereby certifies that, pursuant to 22 N.Y.C.R.R. §130-1.1a, the foregoing Amended Complaint and Jury Demand
is not frivolous nor frivolously presented.

RALPH P. FRANCO, ESQ.

Dated:    Garden City, New York
            June 3, 2020

Service of a copy of the within ^ is hereby admitted

Dated, .................................................................
                           Attorney(s) for ^

Please take notice

☐ Notice of entry
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

☐ Notice of Settlement
that an order ^ of which the within is a true copy will be presented for ^ settlement to the HON. ^ one of the judges
of the within named court, at ^

^                                           Yours, etc.
                                            **McDONNELL ADELS & KLESTZICK, PLLC**
                                            Attorneys at Law
                                            *Attorneys for Plaintiff*
To ^                                        *Office and Post Office Address*
                                            401 Franklin Avenue
                                            Garden City, New York 11530